**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LESLIE D. BROWN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-659-GKF-TLW |
| | ) | |
| UNITED BROTHERHOOD OF | ) | |
| CARPENTERS, LOCAL 943, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

Before the court is the Motion for Dismissal for Lack of Prosecution [Document No. 23] filed by defendant United Brotherhood of Carpenters, Local 943 ("Local 943") pursuant to Fed.R.Civ.P. 41(b).

Plaintiff Leslie D. Brown, Jr. ("Brown") filed his Complaint against Local 943 on October 7, 2009, race discrimination in employment. Brown is a former "paid demonstrator and picketer," a job Brown alleges "required no specific or special talents or skills other than being able to walk with a sign and 'yell and scream' outside [non-union] work sites as a symbol of protest." Brown alleges he was fired because his "Mexican supervisor was attempting to become intimate and make sexual advances to a black female demonstrator whose first name was Cynthia, and whom said Mexican supervisor felt was unduly friendly towards Plaintiff." Complaint, ¶ 16.

Local 943 claims Brown has failed to prosecute his case in the following respects: Brown has failed to provide initial disclosures required by Fed.R.Civ.P. 26(a)(1)(A), despite eight separate requests from Local 943; Brown has failed to provide discovery responses due on or before August 30, 2010; Brown has failed to seek an extension of the discovery deadline, despite telling Local 943's counsel that he would provide a draft motion for counsel's review on September 15 and, later,

on September 23, 2010.  Moreover, Brown has failed to file a response to the Union's Motion for

Dismissal.  Counsel for Local 943 states in an affidavit that Brown represented that he had received

a law degree from the University of Houston, and that he had been licensed to practice law in Texas

and Oklahoma, but had been disbarred in both states.

The court concludes that Brown's failure to respond to and participate in discovery have

prejudiced Local 943 in its ability to fully and fairly defend the claims asserted against it and to

prepare a dispositive motion in this case.  *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir.

2002).  In addition, Brown's failure to participate in this case in any meaningful manner since the

filing of his Complaint has interfered with, and prevented any meaningful advancement of, the

judicial process.  For these reasons, the court concludes that dismissal is appropriate.  Accordingly,

pursuant to Federal Rules of Civil Procedure 16(f), 37(d), and 41(b), the motion is granted.

**IT IS THEREFORE ORDERED** that defendant's Motion for Dismissal for Lack of

Prosecution [Document No. 23] is granted, and the case is hereby dismissed.

**DATED** this 12th day of November, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma